## THE NORDANGER.

## AKTIESELSKABET NORDANGER et al. v. FREEPORT SULPHUR TRANSP. CO.

(Circuit Court of Appeals, Fifth Circuit. June 20, 1923.)

Nos. 4008, 4043.

1. **Collision ⊚⟳74—Moving vessel held not to have shown collision with moored vessel was inevitable accident.**

On a libel for damages to a moored vessel with which a moving vessel collided, evidence *held* not to sustain the burden on the moving vessel of showing the collision resulted from inevitable accident, since it tended to show the derangement of her steering gear resulted from improper handling of the valves, and not from driftwood jamming the rudder, and that the derangement of the steering gear, and not the subsequent parting of the anchor chain, was the cause of the collision.

2. **Collision ⊚⟳74—Evidence held not to show delay in completing repairs of prior injury resulted from collision.**

Where a vessel, which was moored while being repaired after an explosion under a contract requiring repairs to be completed on a stated date, was injured by a moving vessel, and the contract for repairing the injuries resulting from the collision was given to the same contractor, who completed his work under both contracts at the same time, 10 days after the date fixed in the original contract, evidence *held* not to show that the delay in completing the original repairs resulted from the collision, and therefore not to render the colliding vessel liable for the 10 days' delay.

Appeal and Cross-Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Libel in admiralty by the Freeport Sulphur Transportation Company against the Steamship Nordanger, or which the Aktieselskabet Nordanger was claimant, and others. Decree for libelant for a part only of the amount claimed, and both parties appeal. Affirmed.

John D. Grace, of New Orleans, La. (Matthew A. Grace and Edwin H. Grace, both of New Orleans, La., on the brief), for appellants and cross-appellees.

Jos. M. Rault, of New Orleans, La. (Geo. H. Terriberry, Frazer L. Rice, W. W. Young, Walter Carroll, and Terriberry, Rice & Young, all of New Orleans, La., on the brief), for appellee and cross-appellant.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The steamship Nordanger, while descending the Mississippi river between New Orleans and Algiers, suffered a temporary derangement of her steering gear; the helmsman being unable to turn the wheel more than six inches in either direction. The tank steamer Freeport Sulphur No. 1 was moored at a pier in Algiers undergoing repairs. The Nordanger, not being able to be steered as above stated, let go her anchors. While swinging to the anchors, the starboard anchor chain parted, while the Nordanger was headed towards the tanker, with the result that she ran into the tanker, seriously damaging her. Previous to the collision, an ex-

plosion had occurred on the tanker, the damage resulting from which was being repaired by the Johnson Iron Works, together with certain general repairs. Under the terms of the contract for explosion repairs, they were to be completed by April 7th. Johnson Iron Works was also given the contract by the Freeport Company to repair the damage resulting from said collision. This contract was on a cost plus 10 per cent. basis, and specified no time for its completion. All of the repairs were completed simultaneously on April 17th.

This libel is brought to recover from the Nordanger the damages alleged to have been sustained by reason of the collision, in which are included the charge of $1,700 per day for 10 days' additional time alleged to have been lost by the tanker by reason of the collision, and also certain charges for wages of the crew and similar items, during such 10 days. The cost of the repairs aggregated $21,072.82.

The Nordanger defended the libel, as a whole, upon the ground that the collision was the result of an inevitable accident, that the failure of the steering gear to work was caused by driftwood being jammed in the rudder, and that the collision resulted from the breaking of the anchor chain, which had been duly inspected and was to all appearances seaworthy.

The District Court decided that, the collision having occurred, the burden of showing such inevitable accident was upon the Nordanger, and that the testimony did not satisfactorily show that the collision resulted from such an accident. He further found that the proof was entirely unsatisfactory in showing that the 10 days' additional time from April 7th to April 17th was due to the work necessitated by said collision, or that it was satisfactorily proven that, but for said collision, the repairs necessitated by said explosion would have been completed on April 7th. He therefore rejected the items claimed for said period of 10 days, and rendered a decree in favor of the Freeport Company for the items of damage, excluding the claim for delay and consequent expenses.

Both parties have appealed. The Nordanger claims that the court erred in holding that the cause of the accident was a failure of the steering gear to work, and that he should have held that the accident was caused by the breaking of said anchor chain. It insists that, but for said breaking of said chain, the Nordanger would have drifted down the river, parallel with the bank to which the tanker was moored, and without colliding with her; that it was the changed direction given to said Nordanger by swinging at her anchors, and the breaking of the anchor chain when she reached the position heading her into the bank, that occasioned the collision, and that this was an accident unmixed with any negligence on her part.

[1] Upon a review of the evidence, we think the court was warranted in holding that the Nordanger failed to show that the collision resulted from an unavoidable accident, or discharged the burden which rested upon her of satisfactorily accounting for the collision. It would seem that the failure of the steering gear to work was not occasioned by the fouling of her rudder with driftwood, but was caused, more probably, by some improper handling of the valves

in the engine room. It is significant that the third engineer, who was one of those in charge of this work, left immediately after the occurrence, was not produced as a witness, and could not be found.

[2] We also do not think the evidence sufficiently shows that the letting go of the anchors was not done originally in order to prevent a possible collision between the Nordanger and the tanker, although they also may have been lowered to prevent possible collisions with other crafts, and upon the whole that the court was justified in deciding that the Nordanger was responsible for the damage proven to have resulted from the collision.

The testimony in the case shows that this damage was at a different place from the damage occasioned by the explosion. There is no evidence indicating that the repairs made necessary by the explosion could not have proceeded without the work upon the repairs occasioned by the collision necessarily interfering therewith, or that it was necessary to put the control of both the works in the hands of the same contractor. This contractor was chosen by libelant.

The testimony was in conflict as to the work occasioned by the collision having delayed the completion of the work occasioned by the explosion, and, as the lower court says, while the collision may have delayed to some extent the completion of the work, it was wholly unsatisfactory as to this and as to the extent of the delay so occasioned. We therefore think there is not that weight of evidence against the finding of the court below which would warrant a reversal of his judgment in declining to allow the damage occasioned by the delay of 10 days claimed, and the decree is therefore affirmed.